```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TERESA MILLER,**

    **Plaintiff,**

  **v.**                              **Civil Action No. 1:23-CV-26**

**OFFICER HELMS et al.,**

    **Defendants.**

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS [ECF NO. 23, 24], OVERRULING OBJECTIONS [ECF NO. 27], AND GRANTING MOTIONS TO DISMISS [ECF NOS. 4,6]**

**I.  BACKGROUND AND REPORT AND RECOMMENDATION**

On or about February 7, 2023, Plaintiff Teresa Miller ("Plaintiff" or "Miller") filed a pro se complaint in the Circuit Court of Monongalia County, West Virginia, which Defendants subsequently removed to this Court. ECF No. 1. Plaintiff alleges she was subjected to an unlawful search and seizure during a traffic stop on July 13, 2018, and suffered resulting damages. Id.

Pending before the Court are Defendants Eric Powell and the Morgantown City Police Department's Motion to Dismiss [ECF No. 23] and Defendants Officer Helms and Officer Bradford's Motion to Dismiss [ECF No. 24]. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. ECF No. 8. On June 6, 2023, the Magistrate Judge entered Reports and Recommendations ("R&Rs") [ECF Nos. 23, 24], recommending the

Court dismiss Plaintiff's complaint without prejudice [ECF No. 1]. The R&Rs informed the parties that they had fourteen (14) days plus an additional three (3) days from the date of the filing of the R&R to file "specific written objections identifying the portions of the Report and Recommendation[s] to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." ECF No. 23 at 11, ECF No. 24 at 8. Miller timely filed an objection to the R&Rs. ECF No. 27.

## II.   OBJECTIONS AND STANDARD OF REVIEW

On June 23, 2023, Miller timely filed "Answer to Report and Recommendation" in objection to the R&Rs [ECF No. 27].[1] When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718

---

[1] Plaintiff filed *Supplement Add to Answer to Report and Recommendation* on January 22, 2024. ECF No. 29. As advised in the R&Rs, "Failure to timely file objections to the Report and Recommendation . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1). When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. § 636(b)(1)(C).

2

F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R.

3

Civ. P. 72(b).

Here, Miller's objections largely repeat the arguments raised in her prior filings or express her disagreement with the applicable law. Specifically, Miller's objections rely upon the United States Court of Appeals for the Fourth Circuit decision from the related criminal action [See ECF No. 182 in Criminal Action No. 1:19-CR-41]. See e.g., ECF No. 27 at p. 6 ("What more facts do you want? I attach my direct appeal from United States District Court at the fourth circuit Richmond, Virginia to my filing . . ."). Furthermore, instead of lodging objections to the Magistrate Judge's specific findings, Miller repeats her arguments that (1) she filed the Complaint within two years of the Fourth Circuit decision vacating her underlying criminal conviction and sentence [November 29, 2022] and (2) governmental declarations regarding COVID-19 permitted her untimely filing. See ECF No. 27. However, she does not provide any legitimate basis for why the two-year statute of limitations for 42 U.S.C. § 1983 claims would not apply. Moreover, the Magistrate Judge previously addressed Miller's COVID-19 tolling argument and properly concluded that no such tolling applied. See ECF Nos. 23 and 24 at p. 7.[2]

---

[2] "That Administrative Order provided that, during the judicial emergency from March 23, 2020 to May 15, 2020, statutes of limitations which did not expire in that timeframe were not extended. (Statutes of limitations which did expire in that timeframe were extended to June 12, 2020). The applicable statute of limitations here did not expire in that timeframe, and so the applicable two-year statute of limitations in this matter was unaffected by that Administrative Order."

Miller's objections to the R&RS are general grievances and repeat conclusory allegations which do not merit a de novo review. Indeed, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Mario, 313 F.3d at 766; see also Fed. R. Civ. P. 72(b). The objections are unspecific and are unsupported by legal authority. Accordingly, the Court reviewed the R&R for clear error and found none. For those reasons, Millers' objections are **OVERRULED**.

### III. CONCLUSION

For these reasons, the Court **ADOPTS** the R&Rs in their entirety [ECF Nos. 23, 24] and **OVERRULES** Miller's objections [ECF No. 27]. The Motions to Dismiss are **GRANTED** [ECF Nos. 4, 6]. Miller's Complaint is **DISMISSED WITHOUT PREJUDICE** and the Court **DIRECTS** the Clerk to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to counsel of record via email and the pro se Defendant via certified mail, return receipt requested.

**DATED**: March 13, 2024

*[Signature: Tom S Kleeh]*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

5